# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS, | 1:11-cv-00450 MJS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM |
| v. | |
| JAMES A. YATES, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) and Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on March 17, 2011. (Pet., ECF No. 1.) Petitioner seeks relief based on allegations that his personal property was taken in violation of state and federal law, and that his administrative grievances regarding his loss of property were improperly denied. (Id. at 33-39.) Petitioner seeks the return of his personal property or payment of $500, the value of the personal property. (Id. at 32-33.)

I.   **DISCUSSION**

   A.   **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

   If it plainly appears from the petition and any attached exhibits that the

-1-

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.  Failure to State Cognizable Claim**

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. "Habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner appears to seek compensation for his loss of property. (Pet.) Petitioner does not challenge his conviction or sentence. Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims,

he must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

**C.    Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

1  appealability "if jurists of reason could disagree with the district court's resolution of his
2  constitutional claims or that jurists could conclude the issues presented are adequate to
3  deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v.
4  McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the
5  merits of his case, he must demonstrate "something more than the absence of frivolity or
6  the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

7  In the present case, the Court finds that reasonable jurists would not find debatable
8  or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus
9  relief, nor would they find him deserving of encouragement to proceed further.  Petitioner
10 has not made the required substantial showing of the denial of a constitutional right.
11 Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## **ORDER**

13 Accordingly, IT IS HEREBY ORDERED that:

14 1. The petition for writ of habeas corpus is DISMISSED without prejudice to
15 Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983;

16 2. The Clerk of Court is DIRECTED to enter judgment; and

17 3. The Court DECLINES to issue a certificate of appealability.

19 IT IS SO ORDERED.

20 Dated:   August 10, 2011                    /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE